UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALINTHIA JOHNSON,

              PLAINTIFF,

v.

NATIONAL VISION INC.,

              DEFENDANT.

CASE NO. 20-cv-11047

HON. LINDA V. PARKER

MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

---

CARLA D. AIKENS P.C.
Carla D. Aikens (P69530)
Connor B. Gallagher (P82104)
615 Griswold, Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
connor@aikenslawfirm.com
Attorneys for Plaintiff

JACKSON LEWIS P.C.
Katherine J. Van Dyke (P62806)
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
katherine.vandyke@jacksonlewis.com
Attorneys for Defendant

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

### JURISDICTION

1.     At all times relevant to this action, Ms. Johnson was a resident of the County of Wayne, State of Michigan.

**ANSWER:  Upon information and belief, Defendant admits only the allegations in Paragraph 1 that Plaintiff was/is a resident of Wayne County. Defendant neither admits nor denies the remaining allegations relating to the phrase "at**

all times relevant to this action" because it lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.

2.     National Vision Inc., ("Defendant") is a corporation in charge of operating and overseeing Eye Glass World which operates from 6667 Orchard Lake Road Suite B 200, West Bloomfield Township, 48322, in Oakland County.

**ANSWER:  Defendant admits the allegations in Paragraph 2.**

3.     All relevant actions giving rise to this complaint took place in Oakland County, Michigan.

**ANSWER:   Defendant admits only the allegations in Paragraph 3 that Plaintiff's alleged events appear to have taken place in Oakland County. Defendant further denies any allegation or inference that the events give rise to any cause of action or that Defendant has treated Plaintiff unlawfully.**

4.     Jurisdiction is proper pursuant to the Elliot Larsen Civil Rights Act ("ELCRA"), M.C.L 37.2801.

**ANSWER:   The allegations in Paragraph 4 constitute a legal conclusion to which no response is required.**

<u>**VENUE**</u>

5.     Venue is proper in the Circuit Court for the County of Oakland because the unlawful employment discrimination giving rise to Ms. Johnson's claims occurred in Oakland County.

**ANSWER:   Defendant admits only the allegations in Paragraph 5 that Plaintiff's alleged events appear to have taken place in Oakland County. The remaining allegations constitute a legal conclusion to which no response is**

required.  Defendant further denies any allegation or inference that the events give rise to any cause of action or that Defendant has treated Plaintiff unlawfully.

## STATEMENT OF FACTS

6.     Plaintiff, Shalinthia Johnson, was hired by Defendant as an [sic] on February 4, 2016.

**ANSWER:  Defendant admits the allegations in Paragraph 6.**

7.     Ms. Johnson was successful at her job.

**ANSWER:  Defendant denies the allegations in Paragraph 7 as untrue.**

8.     For instance, about three to four months into her job at Defendant's store, "Eye Glass World," Plaintiff was promoted to a "key carrier" position which included additional responsibilities as well as a pay increase.

**ANSWER:  Defendant admits only the allegations in Paragraph 8 that Plaintiff was promoted and clarifies that the position was "Third Key/Optician." Defendant denies any remaining allegations as untrue.**

9.     Throughout her career with Defendant, Plaintiff took on tasks that were regularly conducted by assistant and general managers including accessing the stores safe and training new managers.

**ANSWER:  Defendant admits only the allegations in Paragraph 9 that Plaintiff had access to store safes and denies the remaining allegations as untrue.**

10.     Plaintiff was recognized throughout her employment as a good worker by both customers and corporate. Plaintiff has received multiple gifts from corporate to celebrate her good work and compliments from customers.

**ANSWER:  Defendant denies the allegations in Paragraph 10.**

11.     In late February and early March of 2017, Defendant hired three new managers that had responsibilities covering Eye Glass World. These new hires were District Manager Cristy Taylor ("Ms. Taylor"), Area Manager Manda Lee ("Ms. Lee"), and General Manager Channing Zant ("Mr. Zant"), each of which are white employees.

**ANSWER:  Defendant denies the allegations in Paragraph 11 as untrue.**

12.     Shortly after these new managers were hired, Plaintiff requested paid time off ("pto") from February 27 to March 4, 2017, March 6 to March 11, 2017 and March 13 and 14, 2017. However, when Plaintiff returned from her pto, she was informed that it was unpaid and that Ms. Taylor and Mr. Zant did not communicate to corporate that her pto was approve.

**ANSWER:  Defendant neither admits nor denies the allegations in Paragraph 12 because it lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.**

13.     Plaintiff communicated this with Ms. Taylor and was told that she should not worry about it and that Ms. Taylor "[would] take care of it." Ms. Taylor then communicated to Plaintiff that "a check would be sent over night to [Plaintiff] to make things faster."

**ANSWER:  Defendant denies the allegations in Paragraph 13 as untrue.**

14.     A few hours after this discussion with Ms. Taylor, Mr. Zant informed Plaintiff that she in fact would not be paid for her pto.

**ANSWER:  Defendant neither admits nor denies the allegations in Paragraph 14 because it lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.**

15.     Around this same time, Plaintiff informed Ms. Taylor that she was interested in being promoted to a management position and that she would like to discuss the potential with her. Ms. Taylor promptly informed Plaintiff that she was not interested in promoting her to management.

**ANSWER:  Defendant denies the allegations in Paragraph 15.**

16.    During the months of April through September of 2017, Ms. Taylor and Ms. Lee informed Plaintiff that she would no longer be able to access the stores safe as they were conducting audits regarding Mr. Zant.

**ANSWER:  Defendant neither admits nor denies the allegations in Paragraph 16 because it lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.**

17.    During the audits, Mr. Zant's responsibilities were temporarily conducted by Phoenica Glinn ("Ms. Glinn"), an employee of a nearby Eyeglass World.

**ANSWER:  Defendant neither admits nor denies the allegations in Paragraph 17 because it lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations.**

18.    In mid-September of 2017, Ms. Glinn informed Plaintiff that Ms. Taylor and Ms. Lee were "asking unusual and odd questions" about Plaintiff and that both Ms. Taylor and Ms. Lee had tried convincing Ms. Glinn to fabricate information to write-up Plaintiff.

**ANSWER:  Defendant denies the allegations in Paragraph 18.**

19.    Around this same time period, Mr. Zant called Plaintiff into his office and told her that "he was sorry" that Ms. Taylor "forced him, Ms. Lee and Ms. Glinn to write false statements" against Plaintiff.

**ANSWER:  Defendant denies the allegations in Paragraph 19.**

20.    Around this same time, Plaintiff asked Ms. Taylor to reconsider her for a potential management position. Ms. Taylor, in front of other managers, denied ever discussing Plaintiff being promoted to management and stated that Plaintiff had never asked for a promotion before.

**ANSWER:  Defendant denies the allegations in Paragraph 20.**

21.     Furthermore, in October of 2017, an assistant manager at Eyeglass World, Latasha Garrett ("Ms. Garrett"), held a meeting with all the staff at Plaintiff's office. During this meeting, Ms. Garrett told her colleagues that she was quitting and that Ms. Taylor, Ms. Lee and Mr. Zant had all asked her to "lie and fabricate information on performance reports." Ms. Garrett followed this statement by suggesting to Plaintiff that she should "find another job fast."

**ANSWER:  Defendant neither admits nor denies the allegations in Paragraph 21 relating to the alleged meeting because it lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations. Defendant denies as untrue the remaining allegations.**

22.     Due to this, on October 6, 2017, Plaintiff called her corporate office to inform them that she was being discriminated against and that she was being looked over for management positions. Plaintiff was connected with Ashley Mitchell ("Ms. Mitchell").

**ANSWER:   Defendant admits only the allegations in Paragraph 22 that Plaintiff spoke with Ashley Mitchell on October 6, 2017 and denies as untrue the remaining allegations.**

23.     About a week later, Ms. Mitchell contacted Eye Glass World and was informed by Ms. Taylor that she was unaware of any conversations that Plaintiff had with her regarding a management position. Due to this, Plaintiff decided to keep a "paper trail" of all communications with Ms. Taylor.

**ANSWER:  Defendant neither admits nor denies the allegations in Paragraph 23 relating to the alleged "paper trail" because it lacks information and**

**knowledge sufficient to form a belief as to the truth or falsity of the allegations,**

**and Defendant denies the remaining allegations as untrue.**

24. On October 16, 2017, Plaintiff emailed Ms. Taylor to about becoming a manager and was told that she would be scheduled for an interview with Ms. Lee. This interview never took place however due to a fabricated write-up that was produced the next day against Plaintiff.

**<u>ANSWER</u>:  Defendant admits only the allegations in Paragraph 24 that**

**Plaintiff e-mailed Ms. Taylor about becoming a manager. Defendant denies the**

**remaining allegations as untrue.**

25. On October 17, 2017, Ms. Lee and Ms. Glinn falsely accused Plaintiff of being insubordinate, making team members and managers uncomfortable, and putting unsold merchandise in the company safe for family and friends. These accusations demonstrated that they were false due to the fact that Plaintiff was restricted from entering the company safe due to the audits being conducted on Mr. Zant.

**<u>ANSWER</u>:  Defendant denies the allegations in Paragraph 25 as untrue.**

26. Around the end of October or early November of 2017, Ms. Taylor and Ms. Lee agreed to hire a new assistant manager named Derrick Martin ("Mr. Martin."). During Mr. Martin's employment, he was trained by Plaintiff to operate the store. This upset Mr. Martin due to the fact that Plaintiff was doing the job of a manager but was not recognized as one. Mr. Martin went on to tell plaintiff that he "see's how Taylor, Lee, and Glinn treat her" and that he personally would not "take that disrespect from anyone."

**<u>ANSWER</u>:  Defendant neither admits nor denies the allegations in Paragraph**

**26 relating to the conversations between Martin and Plaintiff because it lacks**

**information and knowledge sufficient to form a belief as to the truth or falsity**

**of the allegations, and Defendant denies any allegation or inference that**

**Plaintiff was being disrespected by her managers.**

27. Following this, in December of 2017, Ms. Glinn was terminated due to tardiness on multiple occasions. Due to this, Eye Glass World was left without adequate management from December of 2017, through February of 2018 and had 10 or more managers from other locations fill the vacant manager position on different days.

**ANSWER: Defendant admits only the allegations in Paragraph 27 that Glinn's**

**employment was terminated and denies the allegations that the store was left**

**without adequate management. Defendant neither admits nor denies the**

**remaining allegations because it lacks information and knowledge sufficient to**

**form a belief as to the truth or falsity of the allegations.**

28. During this time, Ms. Lee was heard stating that "men are easier to control than woman," and therefore she was "going to hire men." Around the end of February or beginning of March, Ms. Taylor and Ms. Lee proceeded to hire two white males to the vacant manager positions even though both men had no experience or background in the optical business.

**ANSWER:  Defendant denies the allegations in Paragraph 28 as untrue.**

29. On March 29, 2018, Ms. Lee conducted an annual performance review with Plaintiff that was negative and included information which was again fabricated. This was Plaintiff's first negative annual performance review with the company.

**ANSWER:  Defendant denies the allegations in Paragraph 29 as untrue.**

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE AND COLOR
## IN VIOLATION OF THE ELCRA AND TITLE VII

30.    Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

**ANSWER:  Defendant incorporates its answers to the preceding paragraphs as if fully restated.**

31.    At all material times, Plaintiff was an employee, and Defendants was her employer covered by, and within the meaning of, ELCRA and TITLE VII.

**ANSWER:  The allegations in Paragraph 31 constitute a legal conclusion to which no response is required.**

32.    A respondeat superior relationship existed between Ms. Taylor, Ms. Glinn, and Mr. Zant and Defendant because these individuals had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

**ANSWER:  The allegations in Paragraph 32 constitute a legal conclusion to which no response is required.**

33.    Defendant had notice of every incident, as alleged in the statement of facts, because Plaintiff complained verbally and in writing, and in all instances, supervisory employees directly observed the action or were the actors.

**ANSWER:  Defendant denies the allegations in Paragraph 33 as untrue.**

34.    Defendants' conduct, as alleged herein, violated the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., which makes it unlawful to harass and or discriminate against an employee on the basis of their sex.

**ANSWER:  Defendant denies the allegations in Paragraph 34 as untrue.**

35.     Plaintiff is a member of a protected class being of African American decent.

**ANSWER:  Upon information and belief, Defendant admits only the allegations in Paragraph 35 that Plaintiff is of African American descent. The remaining allegations constitute a legal conclusion to which no response is required.**

36.     Plaintiff was subjected to communication and conduct, as alleged in the statement of facts, on the basis of her status as a member of this protected class.

**ANSWER:  Defendant denies the allegations in Paragraph 36 as untrue.**

37.     This communication and conduct were unwelcomed.

**ANSWER:  Defendant denies the allegations in Paragraph 37 as untrue.**

38.     The unwelcomed conduct and communication were intended to, and in fact did, substantially interfere with Plaintiff's employment and created an intimidating, hostile, and offensive work environment as alleged in the statement of facts.

**ANSWER:  Defendant denies the allegations in Paragraph 38 as untrue.**

39.     As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

**ANSWER:  Defendant denies the allegations in Paragraph 39 as untrue.**

40.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

**ANSWER:  Defendant denies the allegations in Paragraph 40 as untrue.**

41.     Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER:  Defendant denies the allegations in Paragraph 41 as untrue and denies any inference that Plaintiff is entitled to any relief or that Defendant has acted in an unlawful manner.**

**COUNT II**
**HOSTILE WORKPLACE ENVIRONMENT**
**IN VIOLATION OF THE ELCRA AND TITLE VII**

42.     Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

**ANSWER:  Defendant incorporates its answers to the preceding paragraphs as if fully restated.**

43.     At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, ELCRA and TITLE VII.

**ANSWER:   The allegations in Paragraph 43 constitute a legal conclusion to which no response is required.**

44.     Plaintiff is of African American descent, and as a result, is a member of a protected class on the basis of her race and color.

**ANSWER:  Upon information and belief, Defendant admits only the allegations in Paragraph 44 that Plaintiff is of African American descent. The remaining allegations constitute a legal conclusion to which no response is required.**

45.     Plaintiff was subjected to communication and conduct, as alleged in the statement of facts, on the basis of her status as a member of this protected class.

**ANSWER:  Defendant denies the allegations in Paragraph 45 as untrue.**

46.     This communication and conduct were unwelcomed.

**ANSWER:  Defendant denies the allegations in Paragraph 46 as untrue.**

47.    The unwelcomed conduct and communication were intended to, and in fact did, substantially interfere with Plaintiff's employment and created an intimidating, hostile, and offensive work environment as alleged in the statement of facts.

**ANSWER:  Defendant denies the allegations in Paragraph 47 as untrue.**

48.    Further, adverse employment actions and fabrication of her work performance were taken because of Plaintiff's membership in the protected class.

**ANSWER:  Defendant denies the allegations in Paragraph 48.**

49.    Plaintiff requests relief as described in the Prayer for Relief below.

**ANSWER:   Defendant denies the allegations in Paragraph 49 as untrue and denies any inference that Plaintiff is entitled to any relief or that Defendant has acted in an unlawful manner.**

## GENERAL DENIAL

Except as expressly admitted in this Answer, Defendant denies any allegations in Plaintiff's Complaint that require a responsive pleading.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant submits the following as its Affirmative and Other Defenses to the allegations contained in Plaintiff's Complaint but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted:

1.    Plaintiff's Complaint, in whole or in part, has failed to state a claim upon which relief may be granted.

2.      Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, estoppel, or release.

3.      Plaintiff's claims may be barred, in whole or in part, by the applicable contractual and/or statutory limitations period, including, without limitation, Plaintiff's failure to file her lawsuit within the time period permitted under the right to sue letters relating to her Charges of Discrimination.

4.      Plaintiff's claims may be barred, in part or in whole, by her failure to exhaust her internal and external remedies and/or failure to meet the applicable jurisdictional requirements.

5.      Any actions taken with regard to Plaintiff were taken for legitimate and non-discriminatory/non-retaliatory business reasons and in accordance with all state and federal laws and regulations.

6.      Plaintiff's claims are barred because Defendant exercised reasonable care to investigate, prevent, and promptly correct any allegedly harassing behavior.

7.      Upon information and belief, Plaintiff has failed, in whole or in part, to mitigate her alleged losses, although her entitlement to alleged losses is expressly denied.

8.      Any claim for relief must be set off or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits and benefits received by Plaintiff, including any such remuneration gained through fraudulent or otherwise

improper means.

9.     Any claim for relief must be set off or reduced by applicable statutory caps.

10.     To the extent discovery may disclose such information, Plaintiff's Complaint and each alleged cause of action therein may be barred in whole or in part by the doctrine of after-acquired evidence, or such doctrine may limit or eliminate Plaintiff's alleged damages, or otherwise preclude her claims.

Defendant reserves the right to assert other affirmative or other defenses as they become known through the course of discovery.

## RELIEF REQUESTED

WHEREFORE, Defendant requests that this Court deny Plaintiff the relief requested and dismiss the Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees in defending this action, plus any other relief, legal or equitable, this Court deems appropriate.

## RELIANCE ON JURY DEMAND

Defendant relies on and demands a trial by jury on each and every count of Plaintiff's Complaint so triable in law or in equity.

Respectfully submitted,
JACKSON LEWIS P.C.

/s/ Katherine J. Van Dyke
Katherine J. Van Dyke (P62806)

14

2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
katherine.vandyke@jacksonlewis.com
Dated:  May 22, 2020          Attorneys for Defendant

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties/attorneys in the above cause at their respective addresses disclosed on the pleadings on May 22, 2020 by:

☐ Hand Delivery          ☐ U. S. Mail
√ ECF                    ☐ FAX

____/s/Katherine J. Van Dyke

4832-1541-8301, v. 1